In respect to the point which has been urged on behalf of the defendant as to the construction to be given to the agreement in question, and to the use of the words "indebted" and "indebtedness" as limiting the defendant's liability to such sums as he himself feloniously abstracted from the bank, it is sufficient to say, in addition to what has been said upon the subject, that the testimony as to the surrounding circumstances and conversations which led up to the execution of the agreement was competent to explain the sense in which the term "indebtedness" was used.    Blossom v. Griffin, 13 N. Y. 569; Bank v. Myles, 73 N. Y. 335.    In this latter case evidence of surrounding circumstances was admitted, and in the case of French v. Carhart, 1 N. Y. 96, the court say:

"Too much regard is not to be had to the proper and exact signification of words and sentences, so as to prevent the simple intention of the parties from taking effect; and whenever the language used is susceptible of more than one interpretation the court will look at the surrounding circumstances existing when the contract was entered into, the situation of the parties, and of the subject-matter of the instrument. To this extent, at least, the well-settled rule is that extraneous evidence is admissible to aid in the construction of written contracts."

But, as already shown, the agreement, by its terms, provides for the admission of testimony of this character.    Other authorities might be cited bearing upon this subject, but it is not deemed necessary to refer to them.    Upon the whole case I am of the opinion that the plaintiffs are entitled to the judgment prayed for, with costs.

Judgment for plaintiffs, with costs.

---

(17 Misc. Rep. 220)

SOCORRO MOUNTAIN MIN. CO. v. PRESTON et al.

(Supreme Court, Special Term, Albany County.   May, 1896.)

1. CORPORATIONS—STOCKHOLDERS—RIGHT TO DISCONTINUE ACTIONS.
    Stockholders of a corporation are not disqualified, because of interest in the result, from voting to discontinue an action in which they are defendants.

2. SAME—ADOPTION OF NEW SEAL.
    The directors of a corporation may adopt and procure a new seal and stock book to make transfers of stock, where the former president withholds the original seal and stock book so as to prevent the transfers.

Action by the Socorro Mountain Mining Company against George B. Preston and others.   Plaintiff moves to discontinue the action. Granted.

John H. Peck and E. Countryman, for the motion.
Lansing & Holmes, opposed.

CHESTER, J.   I think there is a failure to show by competent evidence in the moving papers that this action was not properly commenced in the name of the company by Mr. Darling, the former president.   I think, also, that while the directors might not properly vote to discontinue the action, when they were personally interested as defendants, yet that a majority of the stockholders could do so.   The latter are not disqualified to vote on a question before

the shareholders' meeting because of an interest in the result. They have a right to represent their individual interest, and they are in no sense trustees or representatives of others. Gamble v. Water Co., 123 N. Y. 91, 25 N. E. 201; Bjorngaard v. Bank (Minn.) 52 N. W. 48; Transportation Co. v. Beatty, 12 App. Cas. 589. It is claimed that much of the stock which was voted upon by the stockholders at the last annual meeting had not been properly transferred upon the books of the company, which were in the hands of the prior president, Mr. Darling; but, upon his withholding the seal and the stock book, so as to prevent the transfer of the stock thereon, and the issue of new stock in time to permit it to be voted upon at the annual meeting, it was lawful for the directors to adopt and procure a new seal and a new stock book to accomplish that purpose. In re Argus Co., 138 N. Y. 557, 576, 34 N. E. 388. It appears that this course was pursued, and that a majority of the stockholders, at the annual meeting, voted to discontinue this action, and pursuant to this direction the present president and secretary of the company have made a consent to discontinue, upon which this motion is based. I think that effect must be given to this consent. The action having been properly begun, however, and the plaintiff being insolvent, it should not be discontinued against the consent of plaintiff's attorneys, without securing them for their lawful charges for their services and costs herein. The motion to discontinue is granted, without costs, upon condition that the plaintiff's attorneys be first settled with and paid for their services and costs herein; and, if there is a failure to agree upon the amount thereof, a reference will be directed to determine the amount.

Motion granted, without costs.